IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF KLAHOMA

| | | |
|---|---|---|
| 1) KENNETH GRAY AND<br>2) WENDY GRAY,<br><br>          Plaintiffs,<br><br>v.<br><br>1) UPONOR NORTH AMERICA,<br>    INC.<br><br>          Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No.   25-cv-00644-MTS |

## COMPLAINT

The above-named Plaintiffs, Kenneth and Wendy Gray, respectfully allege and state for their cause of action as follows:

## JURISDICTION AND VENUE

1. Plaintiffs, Kenneth and Wendy Gray ("Plaintiffs"), husband and wife, are citizens of the state of Oklahoma, residing in Tulsa County, Oklahoma.

2. Upon information and belief, Defendant Uponor North American, Inc. (hereinafter "Uponor" or "Defendant"), is an Illinois corporation with its principal place of business in Apple Valley, Minnesota.

3. The claims that give rise to this lawsuit exceed the sum or value of Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs.

4. This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1331(a) due to the diversity of citizenship between parties and the amount in controversy.

5. Venue is proper in the United States District Court for the Northern District of Oklahoma pursuant to 29 U.S.C. § 1132(e)(2) and 28 U.S.C. § 1391. As described in this

Complaint, the events, transactions, and occurrences relevant to Plaintiffs' claims occurred substantially within the Northern District of Oklahoma. Additionally, Defendant has engaged in business in the Northern District of Oklahoma at all relevant times.

6. Plaintiffs have experienced significant damage to their home due to defective AquaPEX piping, manufactured by Uponor.

7. Plaintiffs' home was built in 2011, and Uponor AquaPEX pipes were installed in their home.

8. The AquaPEX pipes installed in the Plaintiffs' home were defective and leaked.

9. The leaks from the pipes caused water to build up in the house including but not limited to in the foundation of the house.

10. In November of 2024, the leaks were discovered to be from the defective pipes.

11. The leaks have caused substantial and permanent damage to the house which have necessitated substantial and costly repairs and greatly diminished the value of the house.

12. Plaintiffs contacted a plumbing company, who determined there were leaks coming from the middle of the AquaPEX piping, a clear manufacturing defect.

## COUNT I: MANUFACTURER'S PRODUCTS LIABILITY

13. Defendant Uponor was and is engaged in the business of design, production, manufacture, marketing, and sale of AquaPEX pipes.

14. Defendant Uponor designed, produced, manufactured, marketed, and sold the AquaPEX pipes that caused the damage to Plaintiffs' home.

15. The AquaPEX pipes were sold in a defective condition that made it unreasonably dangerous to properties such as Plaintiffs' home.

16. The AquaPEX pipes were expected to, and did, reach the Plaintiffs' home without material modification.

17. Defendant Uponor created a substantial risk of harm for those reasonably expected to be affected by the AquaPEX pipes, including Plaintiffs, as a result of the defective condition.

18. Prior to sustaining damage to their home, Plaintiffs neither knew or should have known of any defect in the AquaPEX pipes.

19. Defendant Uponor failed to warn and/or provided inadequate warnings of the unreasonable dangers and hazards created by the AquaPEX pipes, and such failure to warn or inadequate warnings rendered the AquaPEX pipes defective and unreasonably dangerous.

20. As a direct and proximate result of the defective conditions of the AquaPEX pipes, Plaintiffs have suffered and will continue to suffer grave injuries and dangers to their

property including an amount excess of Seventy-Five Thousand Dollars ($75,000.00), exclusive of attorneys' fees, costs, and interests.

21. The conduct of Defendant was intentional, willful, malicious, and in reckless disregard of the rights of Plaintiffs, and is sufficiently egregious in nature so as to warrant the imposition of punitive damages.

## COUNT II: NEGLIGENCE

22. Defendant Uponor was negligent and breached a duty of care owed to Plaintiffs in the manufacturing of the AquaPEX pipes by, inter alia:

   a. Failing to make or cause to be made reasonable inspections to discover or correct defects in the AquaPEX pipes, all of which were known to the Defendant, or which in the exercise of due care should have been known;

   b. Failing to provide adequate safety precautions for the use of the AquaPEX pipes and for the protection of properties in a position similar to that of Plaintiffs;

   c. Failing to post warnings and/or adequate warnings of the dangers presented by the installation and use of the AquaPEX pipes.

23. As a result of Defendant Uponor's negligence, Plaintiffs' home suffered significant damage.

24. The acts complained of herein were reasonably foreseeable by Defendant Uponor.

25. As a direct and proximate result of the acts complained of herein, Plaintiffs have suffered and will continue to suffer grave injuries and damages to their home including an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), exclusive of attorneys' fees, costs and interest.

26. The conduct of Defendant was intentional, willful, malicious and in reckless disregard of the rights of the Plaintiffs and is sufficiently egregious in nature so as to warrant the imposition of punitive damages.

## COUNT III: PRIVATE NUISANCE

27. Defendant Uponor has caused a private nuisance pursuant to Oklahoma law for Plaintiffs and has wrongfully interfered with Plaintiffs' use and enjoyment of their property.

28. Defendant's AquaPEX pipes have caused a continuing, and ongoing nuisance for Plaintiffs.

29. Defendant Uponor's conduct has annoyed, injured, endangered the comfort, repose, health or safety of Plaintiffs.

30. Defendant Uponor's conduct has offended decency.

31. Defendant Uponor's conduct has rendered Plaintiffs insecure in life and the use of their property.

32. Defendant's conduct has caused a private nuisance, and Plaintiffs are entitled to both past damages and abatement of the nuisance.

33. The conduct of Defendant was intentional, willful, malicious and in reckless disregard of the rights of the Plaintiffs and is sufficiently egregious in nature so as to warrant the imposition of punitive damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs Kenneth and Wendy Gray pray judgment against Defendant Uponor for damages in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), punitive damages, and attorneys' fees, and any other relief the Court deems just and equitable.

Respectfully submitted,

*s/ Michael L. Barkett*
Michael L. Barkett, OBA #16171
Smith Barkett Law Group, PLLC
2021 S. Lewis Avenue, Suite 630
Tulsa, OK 74104
918.582.6900 – T / 918.582.6907 - F
Email:   mbarkett@smithbarkett.com

***Attorneys for Plaintiff***

**JURY TRIAL DEMANDED**