### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| 1) KENNETH GRAY AND<br>2) WENDY GRAY,<br><br><br>Plaintiffs,<br>v.<br><br>1) UPONOR, INC.<br><br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CASE NO. 4:25-cv-00644-MTS |

### ANSWER

COMES NOW the Defendant, Uponor, Inc. ("Uponor"), and for its Answer to the First Amended Complaint filed by Plaintiffs, alleges and states as follows:

Uponor denies, generally and specifically, each and every material allegation set forth in the Plaintiffs' First Amended Complaint except as may be hereafter specifically admitted.

### JURISDICTION AND VENUE

1. Uponor lacks sufficient knowledge or information to either admit or deny the allegations of paragraph 1, and therefore neither admits nor denies same, but demands strict proof thereof.

2. Uponor admits the allegations contained in paragraph 2.

3. Uponor lacks sufficient knowledge or information to either admit or deny the allegations of Paragraph 3, and therefore neither admits nor denies the same, but demands strict proof thereof.

4. The allegations in paragraph 4 contain conclusions of law to which no response is required.

5. The allegations in paragraph 5 contain conclusions of law to which no response is required.

6. Concerning the allegations contained in paragraph 6, Uponor denies that plumbing pipe manufactured by Uponor was defective. As to the remainder of the allegations contained in paragraph 6, Uponor lacks sufficient knowledge or information to either admit or deny the allegations of paragraph 6 and therefore denies the allegations and demands strict proof thereof.

7. Uponor lacks sufficient knowledge or information to either admit or deny the allegations of paragraph 7, and therefore neither admits nor denies same, but demands strict proof thereof.

8. Concerning the allegations contained in paragraph 8, Uponor denies the allegations that the Uponor pipes installed were defective. As to the remainder of the allegations contained in paragraph 8, Uponor lacks sufficient knowledge or information to either admit or deny the allegations of paragraph 8 and therefore denies the allegations and demands strict proof thereof.

9. Uponor lacks sufficient knowledge or information to either admit or deny the allegations of paragraph 9 and therefore denies the allegations and demands strict proof thereof.

10. Uponor lacks sufficient knowledge or information to either admit or deny the allegations of paragraph 10 and therefore denies the allegations and demands strict proof thereof.

11. Uponor lacks sufficient knowledge or information to either admit or deny the allegations of paragraph 11 and therefore denies the allegations and demands strict proof thereof.

12. Uponor lacks sufficient knowledge or information to either admit or deny the allegations of paragraph 12 and therefore denies the allegations and demands strict proof thereof.

## COUNT 1: MANUFACTURER'S PRODUCTS LIABILITY

13. Uponor lacks sufficient knowledge or information to either admit or deny the allegations in Paragraph 13 of Count I and therefore denies the allegations and demands strict proof thereof.

14. Uponor lacks sufficient knowledge or information to either admit or deny the allegations in paragraph 14 of Count I and therefore denies the allegations and demands strict proof thereof.

15. Uponor denies the allegations contained in paragraph 15 of Plaintiffs' Amended Complaint.

16. Uponor lacks sufficient knowledge or information to either admit or deny the allegations in paragraph 16 of Count I and therefore denies the allegations and demands strict proof thereof.

17. Uponor lacks sufficient knowledge or information to either admit or deny the allegations in paragraph 17 and therefore denies the allegations and demands strict proof thereof.

18. Uponor lacks sufficient knowledge or information to either admit or deny the allegations in paragraph 18 of Count I and therefore denies the allegations and demands strict proof thereof.

19. Uponor denies the allegations contained in paragraph 19 of Plaintiffs' Amended Complaint.

20. Uponor denies the allegations contained in paragraph 20 of Plaintiffs' Amended Complaint.

21. Uponor denies the allegations contained in Paragraph 21 of Plaintiffs' Amended Complaint.

## COUNT II: NEGLIGENCE

22. Uponor denies the allegations in paragraph 22, including subsections a-c, of Count II.

23. Uponor denies the allegations contained in paragraph 23 of Plaintiffs' Amended Complaint.

24. Uponor denies the allegations contained in paragraph 24 of Plaintiffs' Amended Complaint.

25. Uponor denies the allegations contained in paragraph 25 of Plaintiffs' Amended Complaint.

26. Uponor denies the allegations contained in paragraph 26 of Plaintiffs' Amended Complaint.

## COUNT III: PRIVATE NUISANCE

27. Uponor denies the allegations contained in paragraph 27 of Plaintiffs' Amended Complaint.

28. Uponor denies the allegations contained in paragraph 28 of Plaintiffs' Amended Complaint.

29. Uponor denies the allegations contained in paragraph 29 of Plaintiffs' Amended Complaint.

30. Uponor denies the allegations contained in paragraph 30 of Plaintiffs' Amended Complaint.

31. Uponor denies the allegations contained in paragraph 31 of Plaintiffs' Amended Complaint.

32. Uponor denies the allegations contained in paragraph 32 of Plaintiffs' Amended Complaint.

33. Uponor denies the allegations contained in paragraph 33 of Plaintiffs' Amended Complaint.

## AFFIRMATIVE DEFENSES

1. The Amended Complaint fails to state a claim upon which relief can be granted, and this venue is not the proper forum for Plaintiffs' claims.

2. Plaintiffs' claims are barred by the applicable statute of limitations, both contractual and statutory.

3. Plaintiffs' claims are barred by the statute of repose, including, but not limited to, Title 12 O.S. § 109 and applicable common law.

4. Plaintiffs' alleged damages were caused by the negligence and/or conduct of third parties, for whom Uponor is not liable.

5. No action, or failure to act, on the part of Uponor caused or contributed to the cause of Plaintiff's' injuries, or Plaintiffs alleged damages.

6. Any product manufactured, distributed or sold by Uponor was reasonably fit for its intended purpose, and did not cause the Plaintiffs' alleged damages.

4

7. The product in question was accepted without notice to Uponor of any defect, thereby barring the Plaintiffs' claim.

8. Plaintiffs' alleged damages are limited and/or excluded by the terms of the agreements between the various parties-including but not limited to the express warranty applicable to the products Plaintiffs attributes to Uponor.

9. Plaintiffs' claims are barred by the doctrines of estoppel and/or waiver.

10. Plaintiffs' alleged damages were caused by the failure of equipment and/or materials which were not manufactured or sold by Uponor.

11. Plaintiffs' claims are barred by the assumption of risk doctrine.

12. The alleged damages were the result of an unavoidable casualty or misfortune, for which Uponor cannot be held liable.

13. Plaintiffs' claims are barred, in whole or in part, by the Plaintiffs failure to mitigate.

14. The alleged damages were caused by independent, intervening and/or supervening causes for which Uponor is not liable.

15. The alleged damages were the result of misuse of the product and/or alterations or damage to the product for which Uponor is not liable.

16. Plaintiffs' claims are barred by the doctrine of estoppel and/or waiver, as well as the economic loss doctrine.

17. Plaintiffs' claims are barred by Uponor's limited warranty, and the failure to comply with the terms of the limited warranty.

18. Plaintiffs have failed to satisfy the conditions precedent, both contractual and statutory, necessary to recovery, or the filing of suit.

19. Plaintiffs' claims are barred by the learned intermediary, informed intermediary/or

sophisticated user doctrines.

20. This Court lacks jurisdiction due to the presence of a mandatory, binding arbitration clause in the Uponor, Inc. Limited Warranty agreement.

21. Plaintiffs' claims are preempted by the provisions of the Federal Arbitration Act, codified at 9 U.S.C. § 1, *et. seq.*

22. Any award of punitive damages based upon vague and undefined standards of liability would violate the Due Process Clause of the Fourteenth Amendment of the United States Constitution, and the Due Process Clause of the Oklahoma Constitution.

23. Plaintiffs' claim for punitive damages are in contravention of Defendant's right under each of the following constitutional provisions:

    A.    The Commerce Clause of Article I, Section 8 of the United States Constitution;

    B.    The Contracts Clause of Article I, Section 10 of the United States Constitution;

    C.    The prohibition against *ex post facto* laws embodied in Article I, Section 10 of the United States Constitution;

    D.    The Supremacy Clause of Article VI of the United States Constitution;

    E.    The Free Speech Clause of the First Amendment of the United States Constitution;

    F.    The Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution;

    G.    The Takings Clause of the Fifth Amendment of the United States Constitution;

H.    The Excessive Fines Clause of the Eighth Amendment of the United States Constitution;

I.    The Right to Trial by Jury contained in the Seventh Amendment of the United States Constitution; and

J.    The Equal Protection Clause of the Fourteenth Amendment of the United States Constitution; as well as the corresponding provisions of the Oklahoma Constitution.

24. Defendant incorporates by reference, and adopts, as if fully set forth here, any and all standards or limitations regarding the determination and enforceability of punitive damages awards set forth in State Farm Mutual Automobile Insurance Company v. Campbell, 123 S. Ct.

25. Uponor reserves the right to assert additional affirmative defenses as revealed in discovery.

WHEREFORE, having fully answered, Defendant Uponor Inc. prays that Plaintiffs take nothing by reason of their Amended Complaint, that this action be Dismissed, for an award of costs and attorney fees, and for all other relief that the Court deems equitable, just, or proper.

Respectfully submitted,

J. Mark McAlester, OBA #18104
Riley D. Walsh, OBA #36820
Fenton, Fenton, Smith, Reneau & Moon
211 N. Robinson, Ste. 800N
One Leadership Square
Oklahoma City, OK 73102
Phone: 405.235.4671 / Fax: 405.235.5247
Email: jmmcalester@fentonlaw.com
Email: rwalsh@fentonlaw.com
**ATTORNEYS FOR DEFENDANT, UPONOR, INC.**

7

## CERTIFICATE OF SERVICE

This is to certify that on the 1ˢᵗ day of April, 2026, I electronically transmitted the foregoing document to the Clerk of Court using the ECF system for filing and the transmittal of a Notice of Electronic Filing to all counsel who have entered an appearance in this action.

Michael L. Barkett
SMITH BARKETT LAW GROUP, PLLC
2021 S. Lewis Ave., Ste 630
Tulsa, OK 74104
MBARKETT@SMITHBARKETT.COM
**ATTORNEYS FOR PLAINTIFF**

J. Mark McAlester/Riley D. Walsh

8